IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JACQUETTA L. CLAYTON, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-984-P |
| AMAZON.COM SERVICES LLC, | § § | |
| *Defendant.* | § § § | |

## JOINT STATUS REPORT

Pursuant to the Court's August 28, 2023 Order to Submit Joint Status Report and Proposed Discovery Plan (Doc. 32), Plaintiff JacQuetta L. Clayton ("Plaintiff") and Defendant Amazon.com Services LLC ("Defendant") (collectively, the "Parties") hereby jointly file this Joint Status Report. The Parties conducted their Scheduling Conference by Zoom on September 13, 2023, to discuss the matters identified in the Court's Order. In attendance were Plaintiff and M. Collin Quigley, counsel for Defendant. The Parties report as follows:

**(1)** *A brief statement of the nature of the case, including the contentions of the parties;*

    A.    <u>Plaintiff's Contentions</u>

The Plaintiff, JacQuetta L. Clayton, brings this action against the Defendant, Amazon.Com Services LLC, and allege(s) a pattern of discriminatory, retaliatory, and harassing conduct that violated federal anti-discrimination laws, based on protected characteristic such as race/color, age, and disability; Specifically Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Rehabilitation Act of 1973, and the Americans with Disabilities Act of 1990 ("ADA") during her protected status under the Family and Medical Leave Act (FMLA) while seeking reasonable-disabled requests for accommodations, while on-the-job, while on Amazon disability leave, under medical supervision, and during recovery from multiple surgeries related to on-the-job injuries. Moreover, the plaintiff alleges retaliation and harassment in violation of these statues, all while being a member of a protected class and engaging in protected activities aimed at putting an end to relentless harassment. This harassment stemmed from Amazon.Com Services LLC management as a direct result of Plaintiff's

outreach to external agencies, including but not limited to the D.O.J., EEOC, O.S.H.A., N.I.O.S.H., and the Department of Labor.

B.  Defendant's Contentions

Defendant denies any and all liability and contends that there is no factual or legal basis for Plaintiff's claims. In addition, Defendant asserts that neither Plaintiff's status in any protected class, nor participation in any protected activity, was a motivating factor and/or but-for cause for any of Defendant's employment actions with respect to Plaintiff. Any and all employment actions Defendant took with regard to Plaintiff were based on legitimate, nondiscriminatory, and nonretaliatory reasons.

On May 1, 2023, Defendant filed a motion to dismiss and brief in support [Docs. 21–22], requesting dismissal of Plaintiff's original complaint on the basis that: (1) Plaintiff's original complaint fails to identify specific claims or set forth even a barebones recitation of the legal elements of such claims under the Age Discrimination in Employment Act, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964 ("Title VII"), her alleged harassment or hostile work environment claim, or her alleged Department of Justice retaliation claim, (2) Plaintiff failed to exhaust her administrative remedies prior to filing suit with regard to her purported claims asserted under Title VII because she did not assert a Title VII claim in the charge of discrimination she filed with the EEOC, and (3) Plaintiff's retaliation claim relating to her alleged reports to the Occupational Safety Health Administration and the National Institute for Occupational Safety and Health must be dismissed because no private cause of action exists for retaliation under the Occupational Safety and Health Act.

On June 12, 2023, the Court entered an order [Doc. 27] giving Plaintiff "a final opportunity to amend her complaint to plead her 'best case' prior to considering Defendant's motion to dismiss" and ordering Plaintiff to file an amended complaint no later than June 30, 2023. Most recently, on September 11, 2023, the Court entered another order [Doc. 38] requiring Plaintiff to file an amended complaint by September 25, 2023. Defendant will be better positioned to describe its defenses and contentions upon receipt of Plaintiff's amended complaint.

(2)  *Any challenge to jurisdiction or venue;*

The Parties do not challenge jurisdiction or venue.

(3)  *Whether the disclosures required by Rule 26(a)(1)(A) will be made or a statement that the parties have stipulated that those disclosures will not be made or that they are exempted from making those disclosures under Rule 26(A)(1)(B);*

The Parties will exchange the disclosures required by Rule 26(a)(1)(A) on or before November 8, 2023.

(4)  (a)  *A very brief statement of the subjects on which discovery may be needed,*

A. <u>Plaintiff's Contentions</u>

Discovery may be needed by Plaintiff concerning the following: All subjects relevant to and discoverable regarding the claims in Defendants' defense, including Defense claims for damages, and Plaintiff's responses.

B. <u>Defendant's Contentions</u>

Discovery may be needed by Defendant concerning the following: All subjects relevant to and discoverable regarding the claims in Plaintiff's complaint, including Plaintiff's claims for damages, and Defendant's defenses.

**(b)** *When discovery should be completed, and*

Discovery should be completed by June 27, 2024.

**(c)** *Whether discovery should be conducted in phases or be limited to or focused upon particular issues;*

The Parties do not believe discovery should be conducted in phases or be limited to or focused on particular issues.

**(5)** *Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;*

The Parties will produce electronically-stored information in .pdf form without metadata.

**(6)** *What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;*

None.

**(7)** *A proposed deadline to file motions for leave to join other parties;*

The Parties request a deadline of December 6, 2023, to file motions for leave to join other parties.

**(8)** *A proposed deadline to amend the pleadings;*

A. <u>Plaintiff's Contentions</u>

The Plaintiff additionally seeks that any future amendments to pleadings align with Rule 15(2), and kindly requests that the Court refrain from imposing a deadline for filing motions amend pleadings, particularly while the Plaintiff has not yet secured legal representation. At this juncture, the Plaintiff does not intend to establish a specific deadline. However, if the court deems it necessary to impose a deadline per Rule 15a suggested date of December 31, 2023, is respectfully proposed.

    B.    <u>Defendant's Contentions</u>

Plaintiff filed her original complaint [Doc. 1] in this matter on November 1, 2022, over ten months ago. On May 1, 2023, Defendant filed a motion to dismiss and brief in support [Docs. 21–22]. On June 12, 2023, the Court entered an order [Doc. 27] giving Plaintiff "a final opportunity to amend her complaint to plead her 'best case' prior to considering Defendant's motion to dismiss" and ordering Plaintiff to file an amended complaint no later than June 30, 2023. The Court later extended Plaintiff's deadline to file an amended complaint to August 18, 2023 [Doc. 30]. On August 17, 2023, instead of filing an amended complaint, Plaintiff filed a second response to Defendant's motion to dismiss [Doc. 31]. On September 6, 2023, Defendant filed a motion to strike Plaintiff's second response to Defendant's motion to dismiss [Doc. 34]. The next day, on September 7, 2023, Plaintiff filed a motion for leave to file an amended complaint [Doc. 36], claiming she misunderstood the Court's order requiring her to file an amended complaint. Prior to obtaining leave, Plaintiff filed an amended complaint the next day, on September 8, 2023, which improperly incorporated by reference another document [Doc. 37]. On September 11, 2023, the Court entered an order [Doc. 38] granting Defendant's motion to strike, striking Plaintiff's second response to Defendant's motion to dismiss, and granting Plaintiff's motion for leave to file an amended complaint, ordering Plaintiff to file an amended complaint by no later than September 25, 2023. The Court's order [Doc. 38] also struck Plaintiff's amended complaint filed on September 8, 2023, because it improperly incorporated by reference another document.

As it has been over ten months since Plaintiff filed her original complaint [Doc. 1] in this matter and the Court has already provided Plaintiff ample opportunity to amend her complaint, Defendant requests that Plaintiff's deadline to amend her complaint remain September 25, 2023, as previously ordered by the Court. Defendant further requests that all other amendments to pleadings be made in accordance with Rule 15 and that the Court enter a deadline of November 17, 2023, to file motions for leave to amend pleadings.

**(9)** *A statement regarding whether any other orders should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c) (If additional orders are required, they should be separately submitted in agreed form with the Joint Status Report.);*

The Parties request that the Court enter the Model Protective Order attached as Appendix A to Miscellaneous Order No. 62 to protect the confidentiality of various documents expected to be exchanged during discovery.

**(10)** *A proposed deadline to file dispositive motions;*

The Parties propose a deadline of July 31, 2024, to file dispositive motions.

**(11)** *Whether a jury has been demanded;*

Plaintiff has demanded a jury trial.

*(12)*   *(a)*   *An assessment of the prospects for settlement,*

    A.   Plaintiff's Contentions

The Plaintiff is open to discussing a settlement prior to going to a jury trial. If the Plaintiff appointed a pro bono mediator she is willing to discuss a settlement for this case. No settlement conversation has happened for this case.

    B.   Defendant's Contentions

Defendant does not believe there is a strong prospect of settlement at this time. The Parties recently attended mediation on August 30, 2023, with the Equal Employment Opportunity Commission in connection with a second charge of discrimination Plaintiff filed against Defendant. Unfortunately, however, the mediation process proved to be unproductive. At this time, Defendant has no reason to believe that the mediation process would prove more productive or fruitful in this matter.

*(b)*   ***The status of any settlement negotiations already conducted (except that the parties shall not disclose settlement figures), and***

The Parties have not yet engaged in any meaningful settlement discussions relating to the instant matter.

*(c)*   ***The parties' agreement as to a specific date, place and time of a formal settlement conference at which the parties and their counsel shall appear <u>in person</u> to discuss settlement of this case (corporations, partnerships, associations, etc., shall participate through a representative who must have authority to bargain in good faith); and a proposed date for further settlement negotiations;***

The Parties have agreed to formally discuss settlement in Fort Worth, Texas, on a mutually agreeable date and time during the two-week period immediately following the close of discovery in this matter.

*(13)*   ***An assessment of whether the dispute would be amenable to mediation and if not, why not, keeping in mind that pro bono mediation may be available to parties unable to afford it. If mediation seems appropriate, indicate when (month and year) it would be appropriate;***

    A.   Plaintiff's Contentions

The Plaintiff is open to the possibility of mediation, particularly if appointed counsel and/or a mediator are involved in the process. As we continue forward, the approach to resolving the case can adapt and develop in response to its evolving circumstances. While the Plaintiff remains open to negotiations and determining whether litigation through trial is necessary, they are also amenable to entrusting a legal professional, such as a mediator, to assess the potential for a settlement.

    B.    <u>Defendant's Contentions</u>

Defendant does not believe this dispute would be amenable to mediation at this time. As stated above, the Parties recently attended mediation on August 30, 2023, with the Equal Employment Opportunity Commission in connection with a second charge of discrimination Plaintiff filed against Defendant. Unfortunately, however, the mediation process proved to be unproductive. At this time, Defendant has no reason to believe that the mediation process would prove more productive or fruitful in this matter.

**(14)** ***Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton, who will preside over all pretrial proceedings and trial. See 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. (Please file the attached consent form with the appropriate signatures <u>only</u> if all parties consent.);[1]***

The Parties do not consent to trial before U.S. Magistrate Judge Cureton.

**(15)** ***Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;***

The Parties propose the following additional deadlines:
    a) Plaintiff's deadline to designate expert witnesses in accordance with Rule 26: February 22, 2024
    b) Defendant's deadline to designate expert witnesses in accordance with Rule 26: April 2, 2024

**(16)** ***Whether a conference with the Court is desired;***

The Parties do not desire a conference with the Court at this time.

**(17)** ***Any other matters relevant to the status and disposition of this case; and***

None.

**(18)** ***A statement that counsel have read the Dondi decision, 121 F.R.D. 284 (N.D. Tex. 1988). The Dondi opinion is also available on the Northern District of Texas website.***

Plaintiff and counsel for Defendant have read the *Dondi* decision.

---

[1] Currently, the case has been referred to Judge Cureton for the handling of only pretrial matters.

Dated: September 25, 2023                           Respectfully submitted,

| | |
|---|---|
| */s/JacQuetta L Clayton (with permission)* | */s/ M. Collin Quigley* |
| JacQuetta L Clayton | **Nehal S. Anand** (Attorney-in-Charge) |
| 1207 W. Harris Rd., Apt. 5207 | State Bar No. 24070600 |
| Arlington, TX 76001 (eff. 6/21/23) | Email: nanand@littler.com |
| 469-996-0181 | LITTLER MENDELSON, P.C. |
| Email: jclayton326@gmail.com | 1301 McKinney Street, Suite 1900 |
| | Houston, TX 77010 |
| **PRO SE PLAINTIFF** | 713.951.9400 (Telephone) |
| | 713.951.9212 (Facsimile) |

**M. Collin Quigley**
State Bar No. 24100928
Email: cquigley@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX 75201
214.880.8100 (Telephone)
214.880.0181 (Facsimile)

**ATTORNEYS FOR DEFENDANT
AMAZON.COM SERVICES LLC**

## CERTIFICATE OF SERVICE

I certify that, on the 25th day of September, 2023, a copy of the foregoing document was sent to Plaintiff via the Court's ECF notification system, e-mail and certified mail, return receipt requested, as follows:

JacQuetta L Clayton
1207 W. Harris Rd., Apt. 5207
Arlington, TX 76001 (eff. 6/21/23)
469-996-0181
Email: jclayton326@gmail.com

/s/ M. Collin Quigley
M. Collin Quigley

4874-0413-7596.4 / 114766-1083