IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JACQUETTA L. CLAYTON | § | |
| | § | |
| VS. | § | ACTION NO. 4:22-CV-984-P |
| | § | |
| AMAZON | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

Pending before the Court is Plaintiff Jacquetta L. Clayton's Motion for the Appointment

of Counsel [doc. 33], filed September 4, 2023.  In Clayton's Amended Complaint, she alleges

violations pursuant to, *inter alia*: (1) Title VII of the Civil Rights Act of 1964, as amended ("Title

VII"); (2) the Age Discrimination in Employment Act, as amended ("ADEA");[1] and (3) the

Americans with Disabilities Act of 1990, as amended ("ADA").    In determining whether

appointment of counsel pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(1), is appropriate, a court

should consider: (1) the merits of the plaintiff's claim; (2) the efforts taken by the plaintiff to obtain

counsel; and (3) the plaintiff's financial ability to retain counsel.[2]  *See Gonzalez v. Carlin*, 907

F.2d 573, 580 (5th Cir. 1990).  A plaintiff is not automatically entitled to the appointment of

counsel.  *See Gonzalez*, 907 F.2d at 579.  Moreover, Plaintiff has the "burden of persuasion with

regard to the application for appointment of counsel."  *Tatum v. Cmty. Bank*, 866 F. Supp. 988,

995 (E.D. Tex. 1994).    In addition, as there are no federal funds allocated to the prosecution or

defense of civil suits, the court must also consider the unfairness of imposing involuntary servitude

---

[1]"Unlike Title VII cases, courts do not 'appoint' counsel in ADEA cases."  *See Lampkin v. Tex. Dep't of Public Safety*, No. A-12-CV-876-SS, 2013 WL 264541, at *5 n.6 (W.D. Tex. Jan. 22, 2013).

[2]The ADA states that the provisions of 42 U.S.C. § 2000e-5 apply to claims for disability discrimination brought under the ADA. *Lampkin*, 2013 WL 264541, at *5 n.6; *see* 42 U.S.C. § 12117(a).

upon a member of the Bar when the likelihood of success upon the claims appears slight.  *See*

*Tatum*, 866 F. Supp. at 995.

After careful consideration of the above factors, the Court concludes that Plaintiff's motion

should be **DENIED**.  Based on Plaintiff's motion, the Court does not doubt Plaintiff's diligent, but

unsuccessful, efforts in obtaining an attorney to represent her.  In addition, while Plaintiff did pay

the filing fee in this case, the Court is not convinced that Plaintiff can afford to pay for an attorney

based upon information presented prior to Plaintiff paying the filing fee.  Nevertheless, the Court

is not persuaded that the merits of Plaintiff's claims weigh in favor of appointment of counsel.

Based on the foregoing, it is ordered that Plaintiff's Motion for the Appointment of Counsel

[doc. 33] is **DENIED**.

SIGNED September 28, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE