IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JACQUETTA L. CLAYTON | § |
| | § |
| VS. | §   CIVIL ACTION NO. 4:22-CV-984-P |
| | § |
| AMAZON.COM SERVICES LLC | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS**

Pending before the Court is Defendant Amazon.com Services LLC ("Amazon")'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Third Amended Complaint [doc. 76], filed April 11, 2024. Having carefully considered the motion, response, reply, and applicable law, the Court recommends that Amazon's motion be **DENIED**.

**I.     FACTUAL BACKGROUND**

On November 1, 2022, Plaintiff Jacquetta L. Clayton ("Clayton"), who was proceeding *pro se* at the time, filed a Complaint [doc. 1] against Amazon. Based on a lengthy and convoluted procedural history, which includes Plaintiff obtaining counsel on January 30, 2024 [doc. 63], the Court has allowed Plaintiff to file multiple complaints. Plaintiff, on March 12, 2024, filed her Third Amended Complaint [doc. 72], which is the current live pleading before the Court. In the Third Amended Complaint, Plaintiff alleges claims pursuant to the Americans with Disabilities Act ("ADA") against Defendant for intentionally discrimination, refusing to accommodate, harassment, failing to allow Plaintiff access to new job opportunities, and retaliation. (Plaintiff's Third Amended Complaint ("Pl.'s Third Am. Compl." at 6-7.)

In its motion to dismiss, Amazon argues that, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), all Plaintiff's claims against it should be dismissed because: (1) Plaintiff has not stated claims under the ADA because she has not alleged sufficient facts to establish that she was disabled as

1

defined by the ADA; (2) Plaintiff has not stated a claim for disability discrimination under the ADA because she does not allege that she was treated less favorably than non-disabled employees; and (3) Plaintiff has not stated a claim for retaliation under the ADA because she has not alleged sufficient facts to show she was retaliated against. (Defendant's Brief in Support of Rule 12(b)(6) Motion to Dismiss Third Amended Complaint ("Def.'s Br.") at 6-12.)

## II.  LEGAL STANDARD AND ANALYSIS

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted).

### A.   No Allegations of a Disability Under ADA

Defendant argues that, "[a]s a threshold issue, Plaintiff has failed to state a claim for disability discrimination, harassment, or failure to accommodate because she has not set forth facts from which it could be established that she was disabled as defined by the ADA." (Def.'s Br. at 6.) Defendant further states:

> Plaintiff alleges she was diagnosed with a disability related to pain in her hands and back that affected her ability to walk, bend, and lift. She does not, however, state what her diagnosis was or how her ability to walk, bend, or lift was *substantially impaired* by that disability. Plaintiff does not allege any information about the severity of her symptoms, the expected duration of her disability, or how it made her unable to walk or significantly restricted her ability to walk. Plaintiff's mere description of her symptoms, combined with her conclusion that they affect her ability to engage in certain activities, is not adequate to allege that she was disabled during the relevant period.

(Def.'s Br. at 8 (emphasis in original) (internal citations omitted).)

In her response, Plaintiff claims that she has stated a claim for discrimination under the ADA as she "has alleged sufficient facts to establish her disability." (Plaintiff's Brief in Support of Response to Defendant's Rule 12(b)(6) Motion to Dismiss ("Pl.'s Br.") at 6 (emphasis omitted) (mistakes in original).) Plaintiff further states:

> 29.   Plaintiff describes that she informed Defendant of the pain in her neck and back as early as June 16, 2021, and provided a doctors note stating she was disabled, which was accepted and met with the start of the accommodation process when she was given a form to complete. Plaintiff also pleaded that the pain in her neck and back affected her ability to walk, bend, and lift.

3

> 30.   Plaintiff then requested accommodation from Defendant in September 2021. Defendant responded by sending Plaintiff an Accommodation Approval Form and granted her accommodation. Further, Plaintiff was eventually granted short-term disability by Defendant. At the very least, Defendant, as Plaintiff's employer, perceived Plaintiff as having an impairment that was substantially limiting.
>
> 31.   Walking, bending, and lifting are major life activities. Plaintiff notified Defendant of her condition and was accommodated. Plaintiff has plead sufficient facts to show that she was disabled pursuant to 42 U.S.C. §12111(8) and at the very least was regarded as disabled, which also complies with the definition of a disabled individual pursuant to 42 U.S.C. §12102(2).

(Pl.'s Br. at 6 (mistakes in original).) Plaintiff also requests, in the alternative, that she be granted "leave to amend her Complaint to specify her claims more succinctly." (Pl.'s Br. at 9.)

In its reply, Amazon claims that "Plaintiff has not stated sufficient facts to show that she is actually disabled or was regarded as disabled by Amazon." (Defendant's Reply in Support of Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Third Amended Complaint ("Def.'s Reply") at 1.) Defendant states that "[i]t is simply not the law that Amazon's mere granting of an accommodation and short-term disability benefits is sufficient to show either that she was disabled or regarded as such." (*Id.*; *see* Def.'s Reply at 2-5.)

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). It also prohibits an employer from "discriminat[ing] against any individual because such individual has opposed any act or practice made unlawful by [the ADA] of because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a). To state a plausible claim under the ADA, a plaintiff must allege, with facts, that she had a disability. *See Coleman v. Ark Contracting Servs.*, No. 3:21-CV-2553-N, 2023 WL 159777, at *3 (N.D. Tex. Jan. 11, 2023) (stating that establishing a qualified disability is a required element of a disability discrimination claim and a failure-to-accommodate claim); *Brewster v. AVA Risk Grp. Ltd.*, No. H-20-1967, 2021 WL 5828376, at

4

*2 (S.D. Tex. Nov. 16, 2021) (quoting *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021) (stating that having a history of cancer does not, without more, qualify as a disability under the ADA)). An individual is considered disabled within the meaning of the ADA if she has a "physical or mental impairment that substantially limits one or more of [her] major life activities;" if she has "a record of such impairment;" or if she is "regarded as having such an impairment." 42 U.S.C. § 12102(1). "Major life activities" are defined to include, but not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). An individual can be said to be "regarded as" having a disability "if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A).

> In this case, Plaintiff alleges in her Third Amended Complaint, as relevant here, the following:
>
> 7.   On June 16, 2021, Plaintiff reported pain in both hands and lower back. Plaintiff's doctor diagnosed her with a disability related to the pain in the hands and lower back.
>
> 8.   In September 2021, Plaintiff requested accommodation for her disability. On September 27, 2021, Plaintiff received an Accommodation Approval form from Defendant.
>
> . . . .
>
> 23.   On October 27, 2021, Defendant's employee Donna Turnley informed Plaintiff that Plaintiff was approved for Short Term Disability through November 23, 2021.
>
> . . . .
>
> 36.   On February 22, 2022, Plaintiff's Short Term Disability benefits were cut off, despite Plaintiff complying with Defendant's requirements to be on Short Term Disability
>
> . . . .

> 41. Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA). Plaintiff's pain in her hands and back affects her ability to walk, bend, and lift. Plaintiff is otherwise qualified to perform the essential functions of her job as an inventory associate with Defendant.

(Pl.'s Third Am. Compl. at 2-3, 5-6 (mistakes in original).)

Contrary to Defendant's assertions, the Court finds and concludes, that Plaintiff has alleged enough facts regarding her disability to survive a Rule 12(b)(6) motion to dismiss. Plaintiff claims that she had pain in her hands and back, which are physical impairments, that affect her ability to walk, bend, and lift, which are all defined as major life activities in the ADA. *See* 42 U.S.C. § 12102. While Plaintiff could have alleged her claims more artfully, Plaintiff's factual assertions are sufficient to make her allegations of disability under the ADA plausible. Thus, the Court **RECOMMENDS** that Defendant's motion to dismiss on this issue be **DENIED**.

### B.    No Allegations Plaintiff Treated Less Favorably Than Non-Disabled Employees

Defendant next argues that Plaintiff has not stated a claim for discrimination under the ADA because she does not allege that she was treated less favorably than non-disabled employees. (Def.'s Br. at 9-10.) In support, Defendant states:

> In addition, Plaintiff has not included facts in the Third Amended Complaint that would plausibly show that she was subjected to any adverse employment decisions at Amazon because she is disabled. Critically, Plaintiff alleges only that she was treated less favorably *than other disabled Amazon associates* who also received disability accommodations. Specifically, Plaintiff alleges that she was treated unfavorably with regards to her computer assignment . . . . These allegations are inapposite to a claim for disability discrimination, which requires Plaintiff to plead that she was treated differently than *non-disabled* employees, not other disabled employees. With regards to the other potentially adverse employment actions identified by Plaintiff, including allegedly not being provided an opportunity to apply for a seated, non-inventory position and having her short-term disability benefits cut off, Plaintiff likewise provides no comparison to non-disabled employees. For these reasons, Plaintiff has failed to state a claim for relief for disability discrimination under the ADA.

(Def.'s Br. at 12-13 (footnotes omitted) (internal citations omitted).)

Plaintiff, in her response, argues that she has pled sufficient facts to support her claim that she suffered an adverse employment action as she alleges that she was reassigned to a position that was in violation of her accommodations and was denied the opportunity to interview for a promotion. (Pl.'s Br. at 7.) In addition, Plaintiff claims that she has pled that she was treated differently than other non-disabled employees because her Third Amended Complaint states that she was denied a promotion that another employee, John, who was not disabled, was allowed to interview for and that other non-disabled employees were given chairs to perform their duties while Plaintiff was forced to stand. (*Id.*)

In its reply, Defendant argues that being reassigned to a new computer station, not being provided a chair, and not being offered an opportunity to apply for a position where she could remain seated are not adverse employment actions. (Def.'s Reply at 5.) Defendant claims that "[i]t is not enough for Plaintiff to assert that someone else had a chair, the workstation she wanted, or a position she desired—she has to plausibly allege that these actions caused her an identifiable harm, one that is more than *de minimis*. (Def.'s Reply at 6.) As to the other employee, John, Defendant argues:

> Finally, as to the assertion that "John" was given "a non-inventory position that was a seated position," Plaintiff does not actually allege in the Third Amended Complaint that "John" was not disabled, the assertion to the contrary in the Opposition notwithstanding. Nor does the Third Amended Complaint indicate whether that position was a promotion, a lateral position, or even a lower position, and, thus, there is nothing in her allegation to show that not receiving that position was adverse, nor does she provide any indication of "John's" qualifications for the position or how they compare to hers. Plaintiff simply has not plausibly alleged him getting the position was even discriminatory. Without such allegations, she has not stated such a claim.

(*Id.*)

"To state a plausible disability discrimination claim, a plaintiff must allege, with facts, that he had a disability, that 'he was qualified for his position, and that he suffered an adverse employment action because of his disability.'" *Brewster*, 2021 WL 5828376, at *2 (quoting *Olivarez*, 997 F.3d at 600. As to ADA claims, "the Fifth Circuit has adopted the same definition of 'adverse employment

7

action' as applies in Title VII claims." *Ricks v. Friends of WWOZ, Inc.*, No. 18-9767, 2019 WL 4671582, at *11 (E.D. La. Sept. 25, 2019). Moreover, "[t]he Fifth Circuit[, in *Hamilton v. Dallas Cnty.*, 79 F.4th 494 (5th Cir. 2023),] recently expanded the universe of actionable employment actions under Title VII and Section 1981." *Fleming v. Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P.*, No. SA-21-CV-01234-XR, 2024 WL 1055120, at *11 (W.D. Tex. Mar. 11, 2024).

Contrary to Defendant's assertions, the Court finds and concludes, that Plaintiff has alleged enough facts regarding her disability discrimination claim under the ADA to survive a Rule 12(b)(6) motion to dismiss. In this case, Plaintiff alleges in her Third Amended Complaint that she has a disability (pain in both hands and lower back that affect her ability to walk, bend, and lift), she was qualified for her position of working in the inventory department as she had been hired to perform such position, and that she suffered an adverse employment action of not being provided with the opportunity to apply for a job and having her short-term disability benefits interrupted multiple times, which resulted in lost pay and benefits. Once again, while Plaintiff could have possibly alleged her claim more artfully, Plaintiff's assertions, especially in light of *Hamilton*, *supra*, are enough to make her allegations of disability discrimination under the ADA plausible, at least at the motion to dismiss stage of the proceedings. Thus, the Court **RECOMMENDS** that Defendant's motion to dismiss on this issue be **DENIED**.

C.  **Not Sufficient Allegations to Support ADA Retaliation Claim**

Defendant also argues the Plaintiff's retaliation claim under the ADA should be dismissed because she has not plausibly alleged sufficient facts to show she was retaliated against. (Def.'s Br. at 11-12.) In support, Defendant states:

> Although Plaintiff mentions filing complaints with various external agencies, and says she complained of "harassment" on numerous occasions, the Third Amended Complaint does not state facts sufficient to tie her request for accommodations in September of 2021 to any materially adverse employment action, including the alleged cutting off of her short-term disability benefits, which allegedly occurred *five months later*, in February of 2022.

8

> Moreover, many of the other alleged wrongs Plaintiff complains of as being performed in retaliation, *i.e.*, the moving of her workstation, having a supervisor watch her work, and someone temporarily sitting in a chair she believes was meant for her, do not rise to the level of actionable adverse employment actions. . . .

(Def.'s Br. at 11 (internal citations omitted).)

In her response, Plaintiff claims that "providing documents from her doctor and requesting an accommodation is a protected activity under the ADA." (Pl.'s Br. at 8.) Plaintiff further argues that "she was subjected to a series of retaliatory actions at the hands of Defendant, including having a manager who didn't normally work in the department sit and stare at her while she worked to intimidate her, being assigned to a new work area with no chairs, continually violating her accommodations, and failing to respond to her complaints." (*Id.*) Plaintiff claims that she "was reassigned to a position that was in violation of her accommodations and was denied the opportunity to interview for a promotion." (*Id.*) Plaintiff states that "[t]hese actions all started after she requested accommodation and got worse once she filed several complaints about the discrimination using the Ethics hotline and Human Resources as early as October 2021." (*Id.*)

To state a claim of *prima-facie* case of retaliation in violation of the ADA, Plaintiff must allege that she: (1) engaged in a protected activity; (2) that an adverse employment action occurred; and (3) that a causal link existed between the protected activity and the adverse action. *Coleman*, 2023 WL 159777, at *4. In Plaintiff's Third Amended Complaint, she alleges, *inter alia*, (1) that in September 2021 she requested accommodation for her disability from Defendant; (2) in October 2021 she was not provided with the opportunity to apply for a new position and, in February 2022, her short-term benefits were cut off; and (3) she was continually harassed and continued to report such harassment from the time she received the accommodation approval until February 2022, when her short-term benefits were cut off. (Pl.'s Third Am. Compl. at 2-6.)

9

After reviewing the parties' arguments and the Third Amended Complaint, the Court, once again finds and concludes that Plaintiff's assertions, especially in light of *Hamilton*, *supra*, are enough to make her allegation of retaliation under the ADA plausible, at least at this motion to dismiss stage of the proceedings. Thus, the Court **RECOMMENDS** that Defendant's motion to dismiss on this issue be **DENIED**.

## RECOMMENDATION

For the reasons set out above, the Court **RECOMMENDS** that Defendant Amazon's Rule 12(b)(6) Motion to Dismiss Plaintiff's Third Amended Complaint [doc. 76] be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## **ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **June 13, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED May 30, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE