UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JACQUETTA L. CLAYTON,**

   Plaintiff,

v.   No. 4:22-cv-00984-P

**AMAZON.COM SERVICES LLC,**

   Defendants.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On March 27, 2025, the United States Magistrate Judge issued Findings, Conclusions, and Recommendations (FCR) in this case. ECF No. 122. The FCR recommended the Court partially grant and partially deny Defendant' Motion for Summary Judgment (ECF No. 98). *Id.* at 1. Defendant Amazon.com Services LLC (Amazon) filed its Partial Objections to the FCR on April 10, 2025. ECF No. 124. Ultimately, the Court will wholly **ADOPT** the reasoning in the Magistrate Judge's FCR (ECF No. 122) and **OVERRULE** Amazon's Partial Objections (ECF No. 124). As a result, the Court will **GRANT** Amazon's Motion in part and **DENY** it in part.

### BACKGROUND

Plaintiff JacQuetta L. Clayton began working for Amazon as a Fulfillment Associate on October 8, 2020. ECF No. 110 at 6. Clayton's responsibilities included manually configuring ("slamming") boxes, packing boxes, training new hires, and helping with returns. *Id.*; ECF No. 99-1 at 24, 27–28. In June 2021, while slamming boxes at Amazon's Dallas fulfillment center, she sustained an injury to her hands and low back. ECF No. 110 at 6.

Clayton submitted documentation from her healthcare provider in August 2021 recommending light-duty accommodations for her hand pain. ECF No. 99-1 at 99–102. Shortly thereafter, Amazon approved Clayton to temporarily perform the light-duty assignment of "asset tagging," which is a seated task involving categorizing receipts on a computer. *Id.* at 16, 95. Clayton provided more documentation from her healthcare providers to extend her accommodation through October, and Amazon approved the extension. *Id.* at 95–96, 104–09. Clayton submitted a note from her healthcare provider dated October 13 to extend her current accommodations for another month and to add the requirement of a "seating accommodation that does not exacerbate hip pain." *Id.* at 96, 111. Clayton alleges that Amazon prevented her from sitting down and did not provide her with the opportunity to apply for a seated position. ECF No. 72 at 3–4. Clayton went on leave on October 24. *Id.* at 4; ECF No. 117 at 12.

Clayton brought this suit in November 2022, proceeding *pro se*. ECF No. 1. Clayton has since obtained counsel, and her Third Amended Complaint, filed on March 12, 2024, serves as the live pleading. ECF No. 72. In Clayton's Third Amended Complaint, she brings claims under the Americans with Disabilities Act (ADA) against Amazon for intentional discrimination on the basis of her disability, refusing to make accommodations, harassment, failing to allow her access to new job opportunities, failing to provide accommodation, and retaliation. ECF No. 72 at 6–7. Because Clayton was *pro se*, the case was referred to Magistrate Judge Cureton for pretrial management.

Amazon moved for summary judgment on all of Clayton's claims. ECF No. 98 at 6. On March 27, 2025, the Magistrate Judge issued the FCR, recommending that Amazon's Motion for Summary Judgment be denied as to Clayton's claim for disability discrimination as to access to certain job opportunities and Clayton's claim for failure to accommodate and granted as to all other claims. ECF No. 122 at 28. On April 10, 2025, Amazon filed specific objections to the FCR's findings regarding Clayton's claim for disability discrimination as to access to certain job opportunities and Clayton's claim for failure to accommodate. ECF No. 124 at 5. The Court will address each.

## LEGAL STANDARD

A Magistrate Judge's findings, conclusions, and recommendations for a dispositive matter are reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings in whole or in part. *Id*. Where no specific objections are filed, the Court reviews the Magistrate Judge's findings, conclusions, and recommendation only for plain error. *See Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020). When specific objections are filed as to part of the of the Magistrate Judge's findings, conclusions, and recommendation, then the Court reviews those parts *de novo* and the rest for plain error.

## ANALYSIS OF OBJECTIONS

The Court will begin with the parts of the FCR that the parties did not object to before turning to the parts to which Amazon filed specific objections.

### A. Recommendation to Grant Motion in Part

Clayton did not object to the Magistrate Judge's recommendation to partially grant Amazon's Motion. The Court reviewed those findings and conclusions for plain error. Finding none, the Findings and Conclusions of the Magistrate Judge are accepted as the Findings and Conclusions of the Court.

### B. Recommendation to Deny Motion in Part

Amazon objected to the FCR's recommendation not to dismiss Clayton's claims for disability discrimination in other job opportunities and failure to accommodate. The Court will address each of Amazon's objections.

#### 1. Discrimination in Access to Job Opportunities

Under the well-established *McDonnell Douglas* framework, once a plaintiff in a discrimination case makes a *prima facie* case that she was discriminated against because of a protected characteristic for a job for which she was qualified, the burden shifts to the defendant to offer a non-pretextual reason why the adverse action was taken. *McDonnell*

*Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). The Magistrate Judge found that Clayton established a *prima facie* case of discrimination in job opportunities and that Amazon did not provide any nondiscriminatory reason for its actions. The FCR therefore concluded that Amazon is not entitled to summary judgment on that claim. ECF No. 122 at 13–14. Amazon objected on the grounds that (1) Clayton did not plead missed job opportunities in her Third Amended Complaint and (2) Clayton did not produce evidence to support a *prima facie* case of discrimination. ECF No. 124 at 7–8, 10.

It is not the case, as Amazon argues in its objection, that Clayton did not plead missed job opportunities. Clayton stated in her Third Amended Complaint that Amazon's discriminatory actions included "failing to allow Plaintiff access to new job opportunities." ECF No. 72 at 7. Amazon states that the only missed job opportunity that Clayton alleged in her complaint was a seated, non-inventory position that supervisor Scott Peadons gave to an employee named John. ECF No. 124 at 7. Amazon argues that Clayton cannot seek relief for any other missed job opportunities, such as the "HR job" or "trainer job" she mentioned in her deposition and her Opposition to Motion for Summary Judgment. *Id.* at 8. Amazon rightly points out that claims raised in a response to a motion for summary judgment are not properly before the court. *Hoffman v. Richardson*, No. 2:18-CV-333, 2021 WL 5814059, at *7 (S.D. Tex. Aug. 11, 2021). But Clayton did not raise new claims in her response; instead, the "HR job" and "trainer job" are clarifications of the "job opportunities" pleaded in the Complaint . Amazon's argument that it was not properly put on notice fails too, because Amazon could have asked Clayton during discovery to list the "job opportunities" she claims she was denied. Therefore, Amazon's objection that Clayton did not plead missed job opportunities fails.

Amazon alternately objects that Clayton did not produce evidence to support a *prima facie* case of discrimination because her evidence should be excluded as hearsay. ECF No. 124 at 11. Amazon objects to Clayton's deposition testimony that she was "not allowed to apply" for an "HR job" and a "trainer job." *Id.* at 10. Amazon also objects to Clayton's testimony that a training manager told her she could not apply for a job because

4

she was "on accommodations." *Id.* at 10–11. However, that testimony is admissible. The United States Court of Appeals for the Fifth Circuit has held that an employee's statements in an EEOC charge recounting other employees' statements are admissible. *See E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 700–01 (5th Cir. 2014). Such statements are not hearsay for two reasons. *Id.* at 701. *First*, by definition, they are made by employees speaking on behalf of the company, which qualifies them as statements of a party opponent—an exclusion from hearsay. FED. R. EVID. 801(d)(2)(A). *Second*, they are offered to show the employer's discriminatory intent, not for the truth of the matter asserted. FED. R. EVID. 801(c)(2)). The statements in Clayton's deposition are admissible for the same reasons. *See* FED. R. EVID. 801(d)(2); FED. R. EVID. 801(c)(2).

Amazon further argues that Clayton did not establish a *prima facie* case of discrimination because she did not prove that a specific position was available or that she was qualified for the position. However, Clayton's testimony about available "HR," "trainer," and "inventory control" jobs, which she states she was qualified to perform, satisfies this element. ECF No. 111 at 84–87. Accordingly, Amazon's objection is **OVERRULED**.

### 2. Failure-to-Accommodate Claim

The Magistrate Judge concluded that genuine issues of fact exist whether Amazon "engaged in the interactive process in good faith and, thus, failed to make reasonable accommodations for Clayton's known limitations." ECF No. 122 at 17–18. Amazon objects that the Magistrate Judge failed to consider that (1) Clayton was responsible for the breakdown in communication and (2) Amazon granted Clayton's disability accommodation of a leave of absence. ECF No. 124 at 6.

Amazon argues that Clayton was responsible for the breakdown in communication when she did not submit updated documentation for a specific chair. ECF No. 124 at 18. This objection simply reasserts the existence of a factual dispute. A genuine issue of fact still exists regarding whether Amazon made reasonable accommodations, even before Clayton requested a specific chair. *See* ECF No. 110 at 18 ("Defendant began to remove the chair that Clayton needed in order to

perform asset tagging, requiring her to stand to perform this duty"). The question of who was responsible for the breakdown in communication and who was engaging in good faith depends, therefore, on a credibility determination that is inappropriate for the Court to make at this stage. *See Gilbert v. Big Brothers Big Sisters of Am., Inc.*, 262 F. Supp. 3d. 402, 412 (N.D. Tex. 2017).

Amazon's argument that it granted Clayton the accommodation of a leave of absence fails as well. There is a genuine issue of fact whether Clayton chose to take leave rather than obtain updated documentation. In her Complaint, Clayton states that she was "contacted by Defendant to inform Plaintiff that Plaintiff was to go on non-work-related leave or Short-Term Disability." ECF No. 72 at 4. Accordingly, Amazon's objection is **OVERRULED**.

## CONCLUSION

Having conducted the appropriate review of the Motion for Summary Judgment, the Magistrate Judge's FCR, and Amazon's Objections, the Court **ADOPTS** the reasoning of the Magistrate Judge's FCR in whole and **OVERRULES** Amazon's Objections. Therefore, it is **ORDERED** that Amazon's Motion for Summary Judgment be **DENIED** as to Clayton's claims for disability discrimination in access to job opportunities and failure to accommodate and **GRANTED** as to all her other claims.

**SO ORDERED** on this **26th day of June 2025.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE